UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIKKI NICOLE HARVILL, <br><br> Plaintiff, <br> v. <br><br> JACOB HARVILL et al., <br><br> Defendant. | CASE NO. 3:25-cv-05537-DGE <br><br> ORDER DISMISSING COMPLAINT (DKT. NO. 9) AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

**I      INTRODUCTION**

Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on July 2, 2025. (Dkt. No. 9.) Plaintiff alleges unlawful seizure in violation the Fourth Amendment of the U.S. Constitution; violation of her right to due process under the Fourteenth Amendment of the U.S. Constitution; "*Monell* liability against Clark County"; conspiracy under 42 U.S.C. §§ 1983 and 1985; retaliation and defamation; and suppression of exculpatory evidence. (*Id*. at 4–5.) The complaint names many Defendants: Jacob Harvill; Jaclyn Williams; Judge Tsering Cornell; Commissioner Christine Hayes; John Does 1-5, individually and in their capacities as federal

officers; Jane Does 1-5, individually and in their capacities as federal officers; the City of Vancouver Police Department; Clark County Superior Court officials; the United States Marshals Service; and Texas law enforcement officers named as Does 6-10. (*Id*. at 1–2.)

Although the complaint is not the picture of clarity, it centers on the removal of Plaintiff's children from her custody. Plaintiff states that "Clark County issued a custody order awarding temporary custody to Jacob Harvill" that went into effect despite the existence of "a valid restraining order [that] was in effect against Jacob Harvill." (Dkt. No. 9 at 3.) As proof, she provides a temporary restraining order issued on April 4, 2022, which by its terms expired on April 13, 2022. (*Id*. at 8.) The order granting custody to Jacob Harvill is dated May 11, 2022. (Dkt. No. 9 at 14.) Plaintiff further alleges that Jacob Harvill worked alongside officials at the Vancouver Police Department to report her children as missing while they were with her. (*Id*.)

## II    DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A pro se plaintiff's complaint is to be

ORDER DISMISSING COMPLAINT (DKT. NO. 9) AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 2

1   construed liberally, but, like any other complaint, it must nevertheless contain factual assertions
2   sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
3   (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief is
4   facially plausible when "the plaintiff pleads factual content that allows the court to draw the
5   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
6   678.  Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain
7   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each
8   allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

9       Under what is known as the Rooker–Feldman doctrine, federal district courts lack subject
10  matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments.  *D.C.*
11  *Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co*., 263 U.S. 413,
12  415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).  A federal lawsuit may be an
13  improper appeal where the federal claims raised are intertwined with a state court judgment.
14  *Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 859 (9th Cir. 2008).  This occurs where a federal
15  lawsuit requests relief that would effectively reverse a state court decision or void its ruling.
16  *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci*
17  *v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he Rooker-Feldman doctrine is not
18  limited to claims that were actually decided by the state courts, but rather it precludes review of
19  all state court decisions in particular cases arising out of judicial proceedings even if those
20  challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

21      Here, the Court is precluded by the Rooker-Feldman doctrine from considering Plaintiff's
22  claims, as they seek to challenge a decision made in state court—*i.e*., the outcome of her child
23  custody proceedings.  *See Blickenstaff v. Westhoff*, No. 4:24-CV-00501 SPM, 2024 WL 1716503
24

ORDER DISMISSING COMPLAINT (DKT. NO. 9) AND DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER (DKT. NO. 2) - 3

(E.D. Mo. Apr. 22, 2024) ("If plaintiff's federal claims succeed, and this Court grants him the damages he seeks, it would intimate that the state court wrongfully decided the custody issue before it. . . . Under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to review plaintiff's claims."). Moreover, the evidence Plaintiff submitted indicates that the restraining order expired weeks prior to the May 11, 2022, order granting Jacob Harvill custody. (*See* Dkt. No. 9 at 8, 14.) At the May 11 hearing, the Court found that Plaintiff had not complied with a prior order to return the children to Jacob Harvill. (*Id*. at 14.)

Ultimately, state courts have exclusive jurisdiction over cases involving child custody and divorce. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890). If Plaintiff wishes to contest the outcome of the custody proceedings, the proper means to do so is through an action in Washington state court.

### III    CONCLUSION

Having determined that the Rooker–Feldman doctrine precludes Plaintiff's claims, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. No. 2) is DENIED.

Dated this 8th day of July, 2025.

David G. Estudillo
United States District Judge