1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10

11    RIKKI NICOLE HARVILL ,                    CASE NO. 3:25-cv-05537-DGE

                          Plaintiff,            ORDER DISMISSING AMENDED
12              v.                              COMPLAINT (DKT. NO. 11)

13    JACOB HARVILL et al.,

14                          Defendant.

15

16          On July 8, 2025, the Court dismissed Plaintiff's complaint under 28 U.S.C.

17   § 1915(e)(2)(B), as it determined that the Rooker–Feldman doctrine precluded Plaintiff's claims.

18   (Dkt. No. 10.)  Plaintiff subsequently filed a "supplemental complaint."  (Dkt. No. 11.)  The

19   supplemental complaint seeks to "add" Carrie Lane Froelich as a Defendant.  (*Id*. at 1.)  The

20   Complaint alleges that Froelich—who appears to be a private individual—assisted Defendant

21   Jacob Harvill in locating his children during the contested custody proceedings that formed the

22   basis of Plaintiff's first complaint.  (*Id*. at 4–6) (*See* Dkt. No. 10).  Plaintiff claims that Froelich

23   provided information about where her children were staying to a private investigator and the

24

1    police.  (*Id.* at 5.)  Plaintiff seeks to bring claims against Froelich under 42 U.S.C. §§ 1983 and

2    1985.  (*Id.* at 6.)

3        The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to

4    mandatory screening and order the sua sponte dismissal of any case that is "frivolous or

5    malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

6    against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also*

7    *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

8    1915(e)(2)(B) are not limited to prisoners.");  *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

9    2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua

10   sponte dismiss an IFP complaint that fails to state a claim).  An IFP complaint is frivolous if "it

11   ha[s] no arguable substance in law or fact."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

12   1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also*

13   *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).  A pro se plaintiff's complaint is to be

14   construed liberally, but, like any other complaint, it must nevertheless contain factual assertions

15   sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

16   (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

17       This "supplemental complaint" fails for the same reason Plaintiff's first complaint failed:

18   at bottom, it challenges a decision made in state court—*i.e.,* the outcome of her child custody

19   proceedings.  *See Blickenstaff v. Westhoff*, No. 4:24-CV-00501 SPM, 2024 WL 1716503 (E.D.

20   Mo. Apr. 22, 2024).  Under the Rooker–Feldman doctrine, federal district courts lack subject

21   matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments.  *D.C.*

22   *Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413,

23   415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).  A federal lawsuit may be an

24

improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank*, N.A., 525 F.3d 855, 859 (9th Cir. 2008).  This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

Moreover, one cannot sue a private individual under 42 U.S.C. § 1983.  A violation of a federal law alone is not sufficient to give rise to a § 1983 claim; the Defendant must have been acting under color of state law—*i.e.,* acting on behalf of state or local government.  *See* 42 U.S.C. § 1983.  Likewise, § 1985 is not a source of substantive rights; it provides a remedy for the violation of other rights.  *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979).  "It is well established that an action lies under this section only if the wrong was motivated by a class-based animus."  *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (citing *Glover v. Tower*, 700 F.2d 556, 558 (9th Cir.1983)).  Plaintiff alleges no facts from which such animus could be inferred.

Accordingly, as amendment would be futile, Plaintiff's supplemental complaint (Dkt. No. 11) is DISMISSED WITHOUT LEAVE TO AMEND.  Should Plaintiff wish to pursue litigation about the circumstances surrounding the custody order and removal of her children, she must do so in state court.

Dated this 11th day of July, 2025.

1

2

3

4

David G. Estudillo
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24