UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RIKKI NICOLE HARVILL , <br><br> Plaintiff, <br> v. <br><br> JACOB HARVILL et al., <br><br> Defendant. | CASE NO. 3:25-cv-05537-DGE <br><br> ORDER ON MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 14) |

This matter comes before the Court on Plaintiff's motion to alter or amend judgment. (Dkt. No. 14.) On July 8, 2025, the Court dismissed Plaintiff's complaint after concluding that Plaintiff's claims were precluded by the Rooker-Feldman doctrine. (Dkt. No. 10 at 4.) Plaintiff subsequently filed the instant motion, which alleges that the Court misapplied the Rooker-Feldman doctrine and failed to analyze her *Monell* and *Bivens* claims. (*Id*. at 1.)

The jurisdictional bar posed by Rooker Feldman applies even if the complaint raises federal constitutional issues. *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). A complaint challenges a state court decision—and is thereby barred by Rooker-

ORDER ON MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 14) - 1

Feldman—if the constitutional claims presented are inextricably intertwined with the state court's decision in the underlaying judicial proceeding. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983). "The federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Dawes v. California*, No. 319CV02122MMAWVG, 2020 WL 1820122, *6 (S.D. Cal. Apr. 10, 2020) (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Here, Plaintiff pleads the following non-conclusory facts:

- Plaintiff's ex-husband was improperly awarded temporary custody by a state court;
- The children were then "unlawfully" removed from her;
- State and federal law enforcement agents assisted in locating her children and removing them from her.

(Dkt. No. 9 at 3.) On this record, Plaintiff's legal claims are inextricably tied to the underlaying state court judgement, which awarded custody to her former spouse and allowed for the removal of her children. Put simply, if her former spouse was properly awarded custody, the seizure of her children was not unlawful. *Dawes*, 2020 WL 1820122, at *6. Thus, it appears that her federal claims only succeed insofar as the state court wrongly decided the custody issue. This is why her complaint was dismissed, in its entirety, pursuant to Rooker-Feldman.

Here, Plaintiff pleads no facts that suggest a misapplication of the Rooker-Feldman doctrine. Indeed, her factual pleading is so sparse that it is difficult for the Court to follow. She describes "misuse of federal law enforcement" and "false statements," but provides no information about who, what, why, when, where, or how this may have occurred. (Dkt. No. 14

at 1.) *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district need not accept as true conclusory allegations or legal conclusions plead as facts. Although pro se litigants' allegations are construed liberally, a plaintiff's pro se status does represent "an impenetrable shield . . . [to] clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Here, Plaintiff has alleged no *facts* upon which the Court could infer the existence of a viable constitutional claim that is not barred by Rooker-Feldman.

Furthermore, even if the Rooker-Feldman doctrine did not apply to this case, Plaintiff's *Monell* and *Bivens* claims would be dismissed pursuant to § 1915(e)(2). Plaintiff seeks *Monell* liability against Clark County. (Dkt. No. 9 at 4.) To plead a *Monell* claim, a Plaintiff must state non-conclusory facts alleging (1) that the plaintiff "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see also Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008)). Plaintiff does not state that her injury was caused by a municipal policy or custom. Accordingly, in addition to being barred by the Rooker-Feldman doctrine, Plaintiff's complaint fails to plead a *Monell* claim against Clark County.

Likewise, Plaintiff does not plead a cognizable *Bivens* claim. "Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *DeVillier v. Texas*, 144 S. Ct. 938, 943 (2024) (citing *Egbert v. Boule*, 596 U.S. 482, 490–491 (2022)). "In *Bivens* [...], the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages

against the responsible agents even though no federal statute authorized such a claim." *Hernández v. Mesa*, 589 U.S. 93, 99 (2020) (internal citations omitted). The Supreme Court has expanded this implied cause of action only twice, recognizing a *Bivens* remedy for a Fifth Amendment gender discrimination claim and an Eighth Amendment inadequate medical care claim. *See Davis v. Passman*, 442 U.S. 228, 230–31 (1979), *Carlson v. Green*, 446 U.S. 14, 24–25 (1980). In the fifty years since, the Supreme Court has "consistently refused to extend Bivens to any new context or new category of defendants." *Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017). Here, Plaintiff's Bivens claim is based on her assertion that interstate Marshals unlawfully seized *her children* "based on invalid data." (Dkt. No. 9 at 3.) These facts do not give rise to a *Bivens* claim. *See Egbert*, 596 U.S. at 492. Plaintiff does not state—or even allege—any facts suggesting that she herself was arrested or seized without probable cause.

The motion (Dkt. No. 14) is DENIED.

Dated this 24th day of July, 2025.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 14) - 4